|2LeBLANC, Judge.
Kenneth Gedric was charged by bill of information with theft in excess of $1,000.00, a violation of La.R.S. 14:67(B)(1). He pled guilty, and the court sentenced him to serve a term of ten years imprisonment at hard labor, with credit for time served, consecutive to any other sentence he might be serving. Defendant filed a motion to reconsider sentence, which was denied. He has appealed; however, the record contains no assignments of error. The assignment of error is taken from defendant’s brief.[2]
The facts of the offense are described in the arrest warrant and in police reports attached to the presentence investigation report. In July and August 1995, defendant was employed as a customer service representative for a U-Haul company. As part of his duties, he prepared bank deposit slips and took the deposits to the bank. On nine occasions, defendant deposited only the checks and failed to deposit the cash. This action resulted in the theft of over $4,400.00 in cash. Defendant altered the receipts he received from the bank to make it appear he had deposited the cash.
Defendant argues his sentence is excessive because he received the maximum sentence. He claims the court failed to consider he had expressed remorse and had attempted to pay restitution. He maintains his conduct did not cause or threaten serious harm, and he claims his imprisonment is causing a hardship on him and his dependents.
The penalty for theft of an item valued at $500.00 or more is imprisonment for not more than ten years, with or without hard labor, a fine of not more than $3,000.00, or both. La.R.S. 14:67(B)(1). Thus, defendant’s sentence of ten years imprisonment at hard labor complies with the statutory requirements.
|3The trial judge has wide discretion, although not unbridled, in the imposition of a sentence within statutory limits. See State v. Sepulvado, 367 So.2d 762, 767 (La.1979). Article I, section 20, of the Louisiana Constitution prohibits the imposition of excessive punishment. A sentence will be determined to be excessive if it is grossly disproportionate to the crime, or is nothing more than the *566 needless imposition of pain and suffering. The determination turns upon the punishment and the crime in light of the harm to society and whether or not the penalty is so disproportionate that it shocks our sense of justice. State v. Waguespack, 589 So.2d 1079, 1086 (La.App. 1st Cir.1991), writ denied, 596 So.2d 209 (1992).
Given compliance with the sentencing criteria of La.C.Cr.P. art. 894.1, the sentence will not be set aside in the absence of manifest abuse of discretion. Article 894.1 (as amended by 1995 La. Acts No. 942, § 1) requires the trial court to weigh both aggravating and mitigating circumstances in imposing sentence. See State v. Waguespack, 589 So.2d at 1086. The court is required to state for the record the considerations taken into account and the factual basis for the sentence. La.C.Cr.P. art. 894.1(C).
Maximum sentences may be imposed only for the most serious offenses and the worst offenders, or when the offender poses an unusual risk to the public safety due to his past conduct of repeated criminality. In imposing a maximum sentence, a court may consider the benefits of a reduced penalty exposure which the defendant obtained as the result of a plea bargain. State v. Price, 95-0997, pp. 6-7 (La.App. 1st Cir. 6/28/96), 677 So.2d 705, 709.
Before imposing sentence, the court reviewed the contents of the presentence investigation report. The court noted that defendant had a history of anti-social and criminal conduct. Although only 41 years old, defendant was a sixth felony offender, with felony convictions in four different states and in the military. He had been released on parole five times and had been recommitted for parole violations at least four times. When defendant was arrested for the instant offense, there was an outstanding parole violation warrant from California. The court concluded that anything less than the maximum sentence would deprecate the seriousness of the | /[Offense. The court also said that, under the terms of the plea agreement, the state agreed not to file a habitual offender bill.
The court’s comments prior to sentencing indicate the court adequately considered the factors cited by defendant on appeal. Considering defendant’s extensive criminal record and the facts of this case, the court did not err when it sentenced defendant to the maximum term of imprisonment.
CONVICTION AND SENTENCE AFFIRMED.

. Although La.C.Cr.P. arts. 844, 916(1) and (5), and 920, in effect at the time of the appeal, require defendant to designate in writing those errors which are to be urged, this Court is bound to review the error assigned and argued in defendant’s brief in accordance with the Supreme Court’s ruling in State v. Galliano, 94-2030, 94-2280 (La. 1/6/95), 648 So.2d 911. See State v. Galliano, 93-1101, p. 2 n. 1 (La.App. 1st Cir. 5/5/95), 655 So.2d 538, 540 n. 1. Furthermore, Articles 844A and 916(5) have been amended. See Acts 1997, No. 642, § 1.