741 So.2d 849 (1999)
STATE of Louisiana
v.
Kenneth GEDRIC.
No. 99 KW 1213.
Court of Appeal of Louisiana, First Circuit.
June 3, 1999.
Writ Denied November 5, 1999.
*850 Richard J. Johnson, Assistant District Attorney, for relator, State of Louisiana.
Edward J. Walter, Jr., for respondent, Kenneth Gedric.
Kenneth Gedric, respondent pro se.
BEFORE GONZALES, PARRO, and KUHN, JJ.
PER CURIAM.
On May 21, 1999, this court granted the state's writ application, vacated the trial court's ruling which had modified defendant's sentence to time served, and reinstated the original sentence. The issue presented in the writ application, i.e., the authority of a court, under La.Code Crim.P. art. 822, to amend a felony sentence of imprisonment at hard labor after execution of the sentence has begun, has been presented to this court in numerous pro se writs. Routinely, this court has denied such authority in unpublished actions. This case presents to this court, for the first time, a situation in which a district court judge granted such a request by an inmate. The decision by a court to amend such a felony sentence, in the absence of any statutory authority for the court to do so, presents an issue of statewide impact. Accordingly, we expand our original opinion as follows.
Kenneth Gedric pled guilty to theft in excess of $1000. In July 1996, the district court[1] sentenced defendant to serve a term of ten years imprisonment at hard labor, with credit for time served, consecutive to any other sentence he might be serving. Gedric filed a motion to reconsider sentence, which the district court denied. On appeal, Gedric argued his sentence was excessive because he received the maximum sentence. This court affirmed the conviction and sentence. State v. Gedric, 96-2262 (La.App. 1st Cir. 9/23/97), 700 So.2d 564.
On the appeal, in finding no merit in defendant's excessive sentence argument, this court summarized the reasons provided by the district court when it imposed sentence. Defendant had a history of antisocial and criminal conduct. Although he was only 41 years old, he was a sixth felony offender, with felony convictions in *851 four different states and in the military. He had been released on parole five times and had been recommitted for parole violations at least four times. When defendant was arrested for the instant offense, there was an outstanding parole violation warrant from California. Under the terms of the plea agreement, the state agreed not to file a habitual offender bill.
The facts of the offense are summarized in the appeal decision. In July and August 1995, defendant was employed as a customer service representative for a U-Haul company. As part of his duties, he prepared bank deposit slips and took the deposits to the bank. On nine occasions, defendant deposited only the checks and failed to deposit the cash. This action resulted in the theft of over $4,400.00 in cash. Defendant altered the receipts he received from the bank to make it appear he had deposited the cash.
In April 1999, defendant filed a pro se "motion to modify and/or amend sentence" in which he asked the district court to modify the original sentence because he had "used the time of incarceration wisely." The district court held a contradictory hearing on the motion.[2] At the hearing, defendant relied on La.Code Crim.P. art. 822(A)(1) in support of his argument the court had authority to modify the sentence. The prosecutor reminded the court that, once the execution of the sentence had begun, the sentence could not be amended and that the time limit for filing a motion to reconsider sentence had expired. Although acknowledging the sentence was legal, the court determined it had authority under article 822 to amend and modify the sentence. The court then amended the sentence "to credit for time served," apparently commuting the sentence to time served. The court stayed its ruling to allow the state an opportunity to seek supervisory review. The state sought review of the court's ruling on the motion to modify sentence in this writ application.
Article 822(A) provides as follows:
(1) Should the court on its own motion or on motion of the defendant consider setting aside a guilty verdict or a plea of guilty or, after the sentence is imposed, consider amending or modifying the sentence imposed, the district attorney shall be notified and the motion shall be tried contradictorily with the district attorney unless the district attorney waives such contradictory hearing.
(2) Such motions include but are not limited to motions for a new trial, motions in arrest of judgment, motions for amendment, modification, or reconsideration of sentence, and motions for modification of conditions of probation or termination of probation.
By its clear language, article 822 does not provide authority for a court to amend or modify a sentence. Instead, the article provides that, "should" a court consider amending or modifying a sentence, either on its own motion or on the motion of the defense, the court must notify the district attorney in advance and must hold a contradictory hearing with the state unless the district attorney waives the right to a hearing.
A trial court may correct an illegal sentence at any time. La.Code Crim.P. art. 882(A). See also La.Code Crim.P. art. 881.5. Only those claims relating to the legality of the sentence itself under the applicable sentencing statutes may be raised in a motion to correct an illegal *852 sentence. See State v. Parker, 98-0256 (La.5/8/98), 711 So.2d 694, 695; State ex rel. Stepter v. Whitley, 93-2346 (La.10/13/95), 661 So.2d 480.
Even if the sentence is legal, the court "may amend or change the sentence, within the legal limits of its discretion, prior to the beginning of execution of the sentence." La.Code Crim.P. art. 881(A) (emphasis added). After commencement of execution of the sentence, "in felony cases in which the defendant has been sentenced to imprisonment without hard labor and in misdemeanor cases, the sentencing judge may reduce the sentence or may amend the sentence to place the defendant on supervised probation." La.Code Crim.P. art. 881(B)(1) (emphasis added).
After appeal attempts are exhausted, the trial court lacks jurisdiction to take any action in a criminal proceeding other than the actions specified in La.Code Crim.P. art. 916 (none of which authorize a change in a legal sentence), or "as otherwise provided by law" (such as to handle an application for a writ of habeas corpus or an application for postconviction relief). See State v. Coleman, 465 So.2d 709, 712 (La.1985). Under article 916(3), the trial court retains jurisdiction to correct an illegal sentence or to take other appropriate action pursuant to a properly made or filed motion to reconsider sentence.
For felony cases in which the defendant has been sentenced to imprisonment at hard labor (as in this case), there is no authorization for the court to amend the sentence after execution of the sentence has begun unless the court grants a timely filed motion to reconsider sentence. See State v. Branch, 96-1626 (La.App. 3rd Cir.5/21/97), 696 So.2d 81. A motion to reconsider sentence must be filed within 30 days after imposition of sentence (unless the court at sentencing sets a longer time). La.Code Crim.P. art. 881.1(A)(1). An "out-of-time" motion to reconsider sentence is not contemplated by the Code of Criminal Procedure nor allowed by the jurisprudence. See State v. King, 95-344, p. 1 n. 1 (La.App. 3rd Cir.10/4/95), 663 So.2d 307, 308 n. 1, writ denied, 95-2664 (La.3/15/96), 669 So.2d 433. If the court grants a motion to reconsider sentence, it may resentence the defendant despite the pendency of an appeal or the commencement of execution of the sentence. La. Code Crim.P. art. 881.1(B).
Article 822 does not purport to modify jurisprudential or statutory authority for consideration of a motion to reconsider sentence. The statutory framework, set out above, prevents a judge from becoming a "one man pardon board." See La.Code Crim.P. art. 881, comment (a). Accordingly, the trial court's ruling of May 14, 1999, modifying defendant's sentence to time served hereby is vacated, and defendant's original sentence of ten years at hard labor is reinstated.
NOTES
[1] Judge Ralph Tyson, Criminal Section I, was the presiding judge.
[2] The hearing was held before Judge Janice Clark, Civil Division "D". At the Nineteenth Judicial District Court, half of the district court judges handle civil matters as their primary duty, and the other half handle criminal matters as their primary duty. The division of court in which Judge Clark presides is a civil division, and Judge Clark's primary duty is to handle civil matters in that division of court. See Rules of the Nineteenth Judicial District Court, General Rule I. For reasons not reflected in the portion of the record included in the writ application, Judge Clark handled the criminal motion at issue in this writ application.