886 So.2d 1192 (2004)
STATE of Louisiana, Appellee,
v.
Louis Dan HARGROVE, III, Appellant.
No. 39,045-KA.
Court of Appeal of Louisiana, Second Circuit.
October 27, 2004.
Louisiana Appellate Project, by Carey J. Ellis, III, Paula Corley Marx, for Appellant.
J. Schuyler Marvin, District Attorney, John M. Lawrence, Assistant District Attorney, for Appellee.
Before PEATROSS, GASKINS & LOLLEY, JJ.
PEATROSS, J.
In January 2003, Defendant, Louis D. Hargrove, III, was convicted of armed robbery, aggravated second-degree battery and conspiracy to commit armed robbery. After the court imposed a sentence of 50 years for the armed robbery, the prosecution filed a habitual offender bill alleging that Defendant had a 1998 conviction for possession of marijuana with intent to distribute and a 2002 conviction for simple robbery. The court conducted a contradictory hearing and adjudged Defendant to be a third-felony offender allowing for a sentence range of 66 to 198 years. The court then vacated the 50-year armed robbery sentence and imposed a new sentence of 150 years at hard labor without benefits. The defense did not object or move for reconsideration of sentence. For the reasons set forth herein, the judgment of the *1193 trial court adjudicating Defendant to be a third felony offender and the resulting sentence are vacated and the matter is remanded for further proceedings consistent with this opinion.

DISCUSSION
The habitual offender bill of information alleges a conviction on October 12, 1998, for possession of marijuana with intent to distribute and a conviction on March 20, 2002, for simple robbery. Defendant argues that the State did not prove that he had a conviction for possession of marijuana with intent to distribute; that the State proved a 1996 simple robbery, not one occurring in 2002 as alleged in the habitual offender bill; and that the only witness at the habitual offender hearing did not link Defendant to the prior offenses alleged in the habitual offender bill. The State concedes that it failed to prove the prior conviction for possession of marijuana with intent to distribute; however, because the 150-year sentence is within the range provided for a second-felony offender (49.5 to 198 years), the sentence should be affirmed.
The only witness to appear at the habitual offender hearing was Debra Young ("Ms.Young"), a probation and parole specialist with the Louisiana Department of Corrections. Ms. Young identified Defendant in court and testified that, beginning in October 2002, she supervised his parole following a conviction for possession of cocaine.[1] Ms. Young also identified a first-offender pardon Defendant received in 1996 after completing parole on a simple robbery charge.[2] Ms. Young told the prosecutor she was not familiar with a conviction relating to possession of marijuana with intent to distribute.
Without objection, the State introduced the court minutes which the prosecutor mistakenly thought showed both of the convictions on the charges alleged in the habitual offender bill. On examination, the court determined that the minutes contained no documentation concerning the alleged 1998 conviction for possession of marijuana with intent to distribute. The State also offered, for the court's consideration, a rap sheet which showed that Defendant had a prior conviction for possession of a firearm by a convicted felon. The court sustained an objection by the defense to the rap sheet and said it would not consider the sheet for purposes of the multiple offender bill.
The parties submitted the matter at that point. The court ruled that Defendant was a third-felony offender, based on the convictions for possession of cocaine and simple robbery, vacated the prior armed robbery sentence and imposed a sentence of 150 years at hard labor. From this ruling, Defendant appeals.
The State initially argues that Defendant cannot appeal his sentence because he failed to make any objection or move for reconsideration of the sentence. The State points to La. C. Cr. P. art. 881.1(E), which states:
Failure ... to file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
Since this is an appeal of an adjudication as a third habitual offender, not an appeal *1194 of Defendant's sentence, we find no merit to this argument.
The State further argues, in the alternative, that, while it failed to prove that Defendant had been convicted in 1998 of possession of marijuana with intent to distribute at the hearing on the multiple bill, it did present documentary evidence to prove that Defendant had been previously convicted of armed robbery, simple robbery, possession of cocaine and possession of a firearm by a convicted felon.
Defendant raises a number of issues on appeal, none of which were raised by objection or other motion during the habitual offender hearing. Jurisprudence holds that it is error patent for a trial court to sentence a defendant as a habitual offender based upon a felony conviction which was not specifically alleged in the habitual offender bill of information. State v. Donahue, 572 So.2d 255 (La.App. 1st Cir.1990), grant of habeas corpus aff'd, 231 F.3d 1000 (5th Cir.2000). Further, in State v. Shelton, 621 So.2d 769 (La.1993), the Louisiana Supreme Court stated:
If the defendant denies the allegations of the bill of information, the burden is on the State to prove the existence of the prior guilty pleas and that the defendant was represented by counsel when they were taken. If the State meets this burden, the defendant has the burden to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. [Footnote omitted]. If the defendant is able to do this, then the burden of proving the constitutionality of the plea shifts to the State. The State will meet its burden of proof if it introduces a `perfect' transcript of the taking of the guilty plea, one which reflects a colloquy between judge and defendant wherein the defendant was informed of and specifically waived his right to trial by jury, his privilege against self incrimination, and his right to confront his accusers. If the State introduces anything less than a `perfect' transcript, for example, a guilty plea form, a minute entry, an `imperfect' transcript, or any combination thereof, the judge then must weigh the evidence submitted by the defendant and by the State to determine whether the State has met its burden of proving that defendant's prior guilty plea was informed and voluntary, and made with an articulated waiver of the three Boykin rights.
Defendant points out, and the State admits, that it (the State) did not accomplish the initial burden set out in Shelton. The proof offered in this hearing failed to reflect the manner of conviction or whether Defendant was represented by counsel at either of the prior alleged offenses. Further, if by plea, the State did not meet its burden of proving that Defendant's prior guilty pleas were informed and voluntary and made with an articulated waiver of the three Boykin rights.
Accordingly, in the case sub judice, the burden should not shift to the Defendant to prove a significant procedural defect in the proceedings because the State did not meet its initial burden. The State, therefore, does not enjoy the "presumption of regularity" stemming from the introduction of reliable, worthy documents such as transcripts, minutes of the court, final judgments, plea bargain agreements and more. Since the court found that the minutes did not support the allegation that there was a prior conviction for the charged 1998 possession of marijuana with intent to distribute offense, for the court to find that Defendant was a third-felony offender, it had to consider the conviction for possession of cocaine that had not been alleged in the bill of information. This *1195 constituted a fundamental violation of due process.
Defendant's final argument is that the prosecution did not establish his identity as the person referred to in the various documents entered into evidence. To obtain a multiple offender conviction, the State is required to establish both the prior felony conviction and that the defendant is the same person convicted of that felony. State v. Henry, 96-1280 (La.App. 4th Cir.3/11/98), 709 So.2d 322, writ denied, 99-2642 (La.3/24/00), 758 So.2d 143. Prima facie proof of identity (and incarceration dates) for multiple bill purposes is set out in La. R.S. 15:529.1(F), which requires a certificate from the head jailer or clerk of court containing the name of the prisoner, a photograph, fingerprints, a statement of the convicting court, the date and time of sentence, the length of the sentence and the time of discharge. The fact that the defendant and the person described in the records evidencing the prior convictions have the same name is, standing alone, insufficient to prove that the defendant was the same person who was convicted of the previous crimes. City of Monroe v. French, 345 So.2d 23 (La.1977).
Ms. Young identified Defendant at the hearing and testified as to her supervision over his conviction for cocaine possession and his parole violation relative to said conviction. Ms. Young also testified to documentary evidence as to Defendant's first-offender pardon for simple robbery. Ms. Young was not, however, familiar with Defendant's prior convictions listed in the habitual offender bill and did not establish that Defendant was the same person who committed those crimes in accordance with La. R.S. 15:529.1.
Defendant had not been put on notice that he was charged with the 2002 possession of cocaine conviction about which Officer Young testified and which the court expressly considered in making its habitual offender ruling. Accordingly, the court erred in considering that conviction in adjudicating Defendant a third-felony offender.

DECREE
For the foregoing reasons, Defendant's, Louis Hargrove, III, adjudication as a third-felony offender and resulting sentence are vacated, and the matter is remanded for resentencing as a second-felony offender in accordance with this opinion.
HABITUAL OFFENDER ADJUDICATION AND SENTENCE VACATED AND REMANDED.
NOTES
[1] This was not charged in the bill of information at the habitual offender hearing.
[2] This was not charged in the bill of information at the habitual offender hearing.