924 So.2d 477 (2006)
STATE of Louisiana, Appellee
v.
Louis Dan HARGROVE, III, Appellant.
No. 40,427-KA.
Court of Appeal of Louisiana, Second Circuit.
March 8, 2006.
Rehearing Denied April 5, 2006.
*478 Louis Dan Hargrove, pro se.
Jack W. Slaid, Indigent Defender Board, Minden, Carey J. Ellis, III, Louisiana Appellate Project, for Appellant.
Schuyler Marvin, District Attorney, Charles Smith, Marcus Patillo, Assistant District Attorney, for Appellee.
Before BROWN, GASKINS, and DREW, JJ.
BROWN, C.J.
In January 2003, defendant, Louis Dan Hargrove, III, and an accomplice, Rufus Hampton, III, were convicted of armed robbery, a violation of La. R.S. 14:64, conspiracy to commit armed robbery, a violation of La. R.S. 14:26, and aggravated second degree battery, a violation of La. R.S. 14:34.7. Both were originally sentenced to consecutive terms of 50 years at hard labor for armed robbery,[1] 25 years for conspiracy, and 15 years for aggravated second degree battery. Both defendants' convictions and sentences were affirmed on appeal. See State v. Hampton, 38,017-22 (La.App.2d Cir.01/28/04), 865 So.2d 284, writs denied, State ex rel. Hampton v. State, 04-0834 (La.03/11/05), 896 So.2d 57, State ex rel. Hargrove v. State, 04-2380 (La.06/03/05), 903 So.2d 452.
After defendant appealed, the state instituted habitual offender proceedings against him, alleging that defendant was a third felony offender. The trial court conducted a contradictory hearing and found defendant to be a third felony offender. The court then vacated the 50-year armed robbery sentence and imposed a new sentence of 150 years at hard labor without benefit.
Defendant appealed his habitual offender adjudication and sentence. This court vacated the adjudication and sentence as a third felony offender, finding that the state had only proven that defendant was a second felony offender and the matter was remanded for resentencing. See State v. Hargrove, 39,045 (La.App.2d Cir.10/27/04), 886 So.2d 1192.
On remand, the trial court resentenced defendant, finding that, based on defendant's status as a second felony offender, and the fact that the victim was hurt during the armed robbery, defendant would receive a 100-year sentence which was to be without benefit. Defendant filed a motion *479 for reconsideration which was denied by the trial court. Defendant now appeals this sentence as excessive. Finding no error, we affirm.

Discussion
On appeal, defendant argues that the habitual offender sentence of 100 years is excessive. He does not dispute that the sentence received is within the statutory range allowed by law.[2] Instead, defendant argues that the sentence was unduly harsh and excessive.
Whether a sentence imposed is too severe depends upon the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.04/02/97), 691 So.2d 864.
The record shows that defendant's accomplice confronted the victim in the victim's front yard, then pistol-whipped the victim until he collapsed onto the ground, while defendant watched from the driver's seat of a rented sports utility vehicle. Defendant's cohort then reached into the victim's pocket and took a money clip holding $154 in cash and several credit cards. Minutes later, defendant and friend were captured on surveillance tapes in the nearby Wal-Mart using the victim's credit cards to purchase merchandise. Defendant's sentencing exposure as a second felony offender was not less than 49.5 years or more than 198 years at hard labor without benefit. The sentence imposed was one-half of the maximum sentence that defendant could have received.
The trial court has great discretion to impose a sentence within the statutory range. See State v. Johnson, 97-1906 (La.03/04/98), 709 So.2d 672; State v. Stephenson, 33,662 (La.App.2d Cir.08/23/00), 766 So.2d 642, writ denied, 00-2686 (La.08/31/01), 795 So.2d 1204. Based on defendant's prior criminal history and the violence of the offense of conviction, we do not find that the trial court abused its discretion. The sentence imposed is not grossly disproportionate to the severity of the offense, nor is it shocking to our sense of justice.

Conclusion
For the reasons expressed above, defendant's sentence is AFFIRMED.
APPLICATION FOR REHEARING
Before BROWN, GASKINS, PEATROSS, DREW, and MOORE, JJ.
Rehearing denied.
NOTES
[1] Had the district attorney charged defendants under both R.S. 14:64 and 14:64.3; their original sentencing exposure on the armed robbery charge would have been 15-104 years.
[2] La. R.S. 14:64(B) provides that the sentence for armed robbery shall be imprisonment at hard labor for not less than 10 years and for not more than 99 years, without benefit of parole, probation, or suspension of sentence.

La. R.S. 15:529.1(A)(1)(a) provides that if the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction.