NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

10-1406

STATE OF LOUISIANA

VERSUS

WILLIAM MATTHEW

**********

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 60094FA
HONORABLE JOHN LARRY VIDRINE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of John D. Saunders, J. David Painter, and Phyllis M. Keaty, Judges.

APPEAL DISMISSED.

Hon. Trent Brignac
District Attorney - 13th JDC
P.O. Box 780
Ville Platte, LA 70586
(337) 363-3438
COUNSEL FOR APPELLEE:
    State of Louisiana

Pride Justin Doran
Doran Law Firm
P.O. Box 2119
Opelousas, LA 70571
(337) 948-8008
COUNSEL FOR APPELLANT:
    William Matthew

William Matthew, 427744
Winn. Corr. Center Ash Unit A1
P.O. Box 1260
Winnfield, LA 71483

**Painter, Judge.**

On May 19, 2000, the Defendant, William Matthew, entered guilty pleas to manslaughter, a violation of La.R.S. 14:31, and simple arson, greater than $500.00, a violation of La.R.S. 14:52. The Defendant was sentenced on that same day to fifteen years at hard labor on each conviction with the sentences ordered to run concurrently to each other.[1]

On January 14, 2010, the Defendant filed, in the trial court, a "Motion to Correct Illegal Sentence," asserting the trial court failed to "give the nature of the charge," to provide the mandatory minimum penalty for manslaughter, to give the factual basis for the sentence, and to advise him of his right against self-incrimination. On October 14, 2010, a hearing was held on the motion. At the hearing, the Defendant's attorney argued the Defendant did not understand the elements of the offense. He explained that the Defendant was seventeen years old at the time he entered the pleas, and the trial court did not inform him of the elements of the offenses.[2] The trial court denied the motion.

In October 2010, the Defendant filed in the trial court a *pro se* "Notice of Intent to Appeal/Motion for Designation of Record," seeking review of the "Motion to Correct Illegal Sentence." The trial court granted the appeal.

---

[1] This information is based upon the minute entry in the appellate record. A transcript of the guilty plea and sentencing proceeding was not included in the appellate record.

[2] Although the Defendant entitled his pleading a "Motion to Correct Illegal Sentence," he did not assert any claims involving the legality of the sentence. *State v. Moore*, 93-1632 (La.App. 3 Cir. 5/4/94), 640 So.2d 561, *writ denied*, 94-1455 (La. 3/30/95), 651 So.2d 858 and *State v. Gedric*, 99-1213 (La.App. 1 Cir. 6/3/99), 741 So.2d 849, *writ denied*, 99-1830 (La. 11/5/99), 751 So.2d 239.

1

On December 2, 2010, this court issued to the Defendant a rule to show cause why the appeal should not be dismissed. No response to the rule to show cause was received.

The time for the Defendant to appeal his convictions and sentences has elapsed. La.Code Crim.P. art. 914. Additionally, the time for the Defendant to seek an out-of-time appeal has elapsed. La.Code Crim.P. art. 930.8. The Defendant did not allege any exceptions to the time limitation as set forth in La.Code Crim.P. art. 930.8. Consequently, the Defendant's appeal should be dismissed.

**APPEAL DISMISSED.**