KUHN, J.
_LipN REHEARING EX PROPRIO MOTU
This Court, ex proprio motu, granted a rehearing to correct an administrative error in the issuance of the opinion released on July 14, 2014. We hereby recall and vacate the earlier opinion, which was released in error, and re-issue the opinion, the concurring opinion and the dissenting opinion. Additionally, the stay previously issued by this Court is hereby lifted.

OPINION ISSUED ON REHEARING

l2The defendant, Stanley White, was originally charged by grand jury indictment with vehicular homicide, a violation of La. R.S. 14:32.1. Pursuant to a plea agreement, on July 10,1995, the defendant pled guilty to a reduced charge of negligent homicide, a violation of La. R.S. 14:32. On December 11, 1995, he was sentenced to twenty-four months at hard labor. On January 8, 1996, the defendant filed a motion to reconsider sentence and requested a stay of execution of sentence The district court granted the request for stay of execution that same day until such time that a hearing was held on the motion to reconsider sentence. On February 12,1996, the district court denied the motion to reconsider sentence and ordered that the defendant surrender himself to begin serving the sentence previously imposed. On February 14, 1996, the district court granted the defendant’s motion for bond pending appeal.
On appeal in an unpublished decision, this court affirmed the defendant’s conviction and sentence. See State v. White, 96-1005 (La.App. 1st Cir.2/14/97), 690 So.2d 1123 (per curiam). Notice of judgment was mailed to the district court judge, the clerk of the district court, all appeal counsel of record, and the district attorney’s office.
No further action took place until July 19, 2011, when the State filed a motion for execution of sentence. It appears from a show cause order signed by the district court that the parties were ordered to appear on September 26, 2011, for a hearing on the matter. However, the record does not contain a minute entry or transcript from that day.
The State subsequently filed a motion to revoke appeal bond and motion to execute sentence on April 10, 2013. The matter was heard on May 3, 2013, and a motion to quash sentence filed by the defendant was also heard that day. The |3district court denied the defendant’s motion to quash, but nevertheless imposed a new sentence by ordering that the remainder of the defendant’s original two-year sentence be suspended and that he be placed on supervised probation for two years, with credit for time served. The State objected to the new sentence and requested a stay of execution of sentence pending its appeal, which the district court granted.
The State now appeals, arguing that the district court did not have the authority to resentence defendant since his original sentence was legal and had already commenced. For the following reasons, we reverse the decision of the district court imposing a new sentence, and remand for consideration of the State’s well-founded motion to revoke appeal bond and motion to execute sentence.

FACTS

Because the defendant entered a guilty plea, the facts were not fully developed. The record establishes that on July 31, 1994, the defendant was the driver of a vehicle involved in a collision resulting in *179 the death of ten-week-old Brittany Deville. In her written reasons for judgment, the district court judge stated that although the defendant was not legally intoxicated under the DWI statute in effect at the time of the offense, he had a blood-alcohol level of .09 grams percent. See La. R.S. 14:98 (prior to its amendment by 2001 La. Acts No. 781, § 1).

DISCUSSION

In its sole assignment of error, the State argues that the district court did not have the authority to resentence the defendant. Specifically, the State contends that the action of the district court runs counter to the body of law associated with La. C.Cr.P. art. 881 and violates the separation of powers enumerated in the Louisiana Constitution.
14Article 881 provides, in part:
A. Although the sentence imposed is legal in every respect, the court may amend or change the sentence, within the legal limits of its discretion, prior to the beginning of execution of the sentence.
B. (1) After commencement of execution of sentence, in felony cases in which the defendant has been sentenced to imprisonment without hard labor and in misdemeanor cases, the sentencing judge may reduce the sentence or may amend the sentence to place the defendant on supervised probation. [Emphasis added.]
Louisiana Revised Statutes 15:566.2 provides that:
Whenever a prisoner is sentenced to imprisonment in the state penitentiary, and has not been released on bail or perfected a suspensive appeal, such sentence shall be considered as commencing on the day following the day on which such prisoner is sentenced without regard to the actual date of incarceration in the state penitentiary.
Article 881 is inapplicable to the facts of the present case because the sentence for the defendant’s felony conviction was at hard labor and the execution of the defendant’s sentence had commenced. Upon denying the defendant’s motion to reconsider sentence on February 12, 1996, the district court ordered the defendant to surrender himself to the Department of Corrections to begin serving his two-year sentence. Under La. R.S. 15:566.2, execution of the defendant’s sentence must be considered as commencing the day after he was sentenced, which was December 12, 1995. We note that the record also indicates that the defendant was actually incarcerated for at least two days prior to the granting of his post-conviction bond. Thus, as the State correctly argues, the district court lacked authority to impose a new sentence on the defendant since execution of his original sentence had commenced, and the defendant had already begun to serve a legal sentence at hard labor.
Moreover, the district court’s reduction of a final sentence after it became executory was, in effect, an exercise of the power of commutation. The power of commutation, however, is constitutionally reserved exclusively to the executive Isbranch of state government. See State v. Dick, 06-2223 (La.1/26/07), 951 So.2d 124, 132-33. The judiciary does not have the authority to commute or otherwise reduce a final sentence. See State v. Surry, 48,464 (La.App.2d Cir.8/2/13), 121 So.3d 804, 806-07, writ denied, 03-3118 (La.5/21/04), 874 So.2d 171.
The record does not reveal that the defendant applied for rehearing or took a writ to the Louisiana Supreme Court from the judgment of this court affirming his conviction and sentence. A judgment ren *180 dered by an appellate court becomes final when the delay for applying for a rehearing has expired and no application therefor has been made. La.C.Cr.P. art. 922(B). After appeal attempts are exhausted, the district court lacks jurisdiction to take any action in a criminal proceeding other than the actions specified in La.C.Cr.P. art. 916 or “as otherwise provided by law” (such as to handle an application for a writ of habeas corpus or an application for postconviction relief). See State v. Gedric, 99-1213 (La.App. 1st Cir.6/3/99), 741 So.2d 849, 852 (per curiam,), writ denied, 99-1830 (La.11/5/99), 751 So.2d 239.
Louisiana Code of Criminal Procedure article 916 provides that:
The jurisdiction of the trial court is divested and that of the appellate court attaches upon the entering of the order of appeal. Thereafter, the trial court has no jurisdiction to take any action except as otherwise provided by law and to:
(1) Extend the return day of the appeal, the time for filing assignments of error, or the time for filing per curiam comments in accordance with Articles 844 and 919.
(2) Correct an error or deficiency in the record.
(3) Correct an illegal sentence or take other appropriate action pursuant to a properly made or filed motion to reconsider sentence.
(4) Take all action concerning bail permitted by Title VIII.
(5) Furnish per curiam comments.
(6) Render an interlocutory order or a definitive judgment concerning a ministerial matter not in controversy on appeal.
(7) .Impose the penalty provided by Article 844.
|fi(8) Sentence the defendant pursuant to a conviction under the Habitual Offender Law as set forth in R.S. 15:529.1.
When the original sentence imposed is legal, none of the actions specified in Article 916 confer jurisdiction or authority upon a district court to impose a new sentence after an appeal is taken. See Gedric, 741 So.2d at 852. The defendant argues that State v. Roberts, 568 So.2d 1017 (La.1990) (per curiam), provided authority for the district court to modify his sentence. Yet, we note that the procedural posture of Roberts is distinguishable from the instant case. In Roberts, the relators filed petitions for writs of habeas corpus after the State executed their nine-year sentences over six years after the sentences had been affirmed on appeal. The district court denied the petitions for habeas relief, but the Louisiana Supreme Court ordered that the relators be released on parole. Roberts, 568 So.2d at 1018-19. Unlike the instant case, the district court in Roberts had jurisdiction to review the petitions for habeas relief under Article 916. See Gedric, 741 So.2d at 852. Moreover, rather than giving the defendant in the present case unearned incarceration credit and placing him on parole, the district court suspended his entire sentence. We do not find Roberts controlling in this case.
Additionally, we do not find that the defendant was entitled to any credit against his sentence for the time that he spent free. The time that the defendant spent free is analogous to that of an offender out on parole or probation, which are acts of grace to one convicted of a crime. Because they are less restrictive on the offender’s freedom than penal incarceration, and are acts of graee to the offender, violations of parole and/or probation have consequences such as no entitlement to credit against the offender’s sen *181 tence for time spent on probation and/or parole. Parker v. LeBlanc, 12-0750 (La.App. 1st Cir.12/21/12), 2012 WL 6680344 (unpublished); Bancroft v. Louisiana Department of Corrections, 93-1135 (La.App. 1st Cir.4/8/94), 635 So.2d 738, 740. Similarly, the time that the defendant spent free was certainly an 17“act of grace,” and he should not be entitled to credit against his sentence for that time.
For the foregoing reasons, we find that the district court lacked jurisdictional authority and was without a procedural mechanism to impose a new sentence upon defendant. Accordingly, the judgment of the district court imposing a new sentence upon defendant is reversed, and this matter is remanded to the district court for consideration of the State’s well-founded motion to revoke appeal bond and motion to execute sentence.
NEW SENTENCE REVERSED; AND REMANDED WITH INSTRUCTIONS.
THERIOT, J., concurs and assigns reasons.
HIGGINBOTHAM, J., Dissents and assigns reasons.