Judgment rendered December 15 2021.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 54,208-KH

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Respondent

versus

LOUIS DAN HARGROVE III                      Applicant

* * * * *

On Application for Writs from the
Twenty-Sixth Judicial District Court for the
Parish of Webster, Louisiana
Trial Court No. 68930

Honorable Robert Lane Pittard, Judge

* * * * *

LOUIS DAN HARGROVE III                      Pro Se

J. SCHUYLER MARVIN                          Counsel for Respondent
District Attorney

JOHN M. LAWRENCE
HUGO A. HOLLAND, JR.
Assistant District Attorneys

* * * * *

Before GARRETT, STONE, and HUNTER, JJ.

HUNTER, J., dissents with written reasons.

**GARRETT, J**.

The defendant/applicant, Louis Dan Hargrove, III, seeks supervisory review of the trial court's denial of his motion to amend or modify his sentence. The writ was granted to docket.[1] For the reasons expressed below, we recall the writ as improvidently granted and deny the writ application.

### FACTS AND PROCEDURAL HISTORY

In 2001, Hargrove and his co-defendant, Rufus Hampton, III, committed an armed robbery during which Hampton pistol-whipped the victim, who was not resisting, and took his cash and credit cards while Hargrove drove the getaway car. Minutes later, they were seen on surveillance video using one of the victim's credit cards at a local Wal-Mart store.[2] Following a jury trial, they were convicted as charged of the offenses of armed robbery, conspiracy to commit armed robbery, and aggravated second degree battery. The trial court imposed upon each defendant consecutive sentences totaling 90 years at hard labor (50 years for armed robbery, 25 years for conspiracy to commit armed robbery, and 15 years for aggravated second degree battery, with the sentences for the first two offenses to be served without benefit of probation, parole, or suspension of sentence). Their convictions and sentences were affirmed. *State v. Hampton*, 38,017 (La. App. 2 Cir. 1/28/04), 865 So. 2d 284, *writs denied*,

---

[1] The author of this opinion dissented from granting the writ application to docket on the basis that Hargrove "failed to include a copy of the trial court ruling in his application to this court, as required by U.R.C.A. 4-5(C). Inasmuch as this court does not even have the benefit of the trial court ruling of which the defendant complains, this writ should not be considered, much less granted."

[2] In the motion to amend or modify sentence currently before us, Hargrove repeatedly described this brutal crime as "an accident" and asserted that "there was no intent, or even ill will toward anyone."

04-0834 (La. 3/11/05), 896 So. 2d 57, and 04-2380 (La. 6/3/05), 903 So. 2d 452.

The state filed a habitual offender bill of information against Hargrove, asserting that he was a third felony offender with prior convictions of simple robbery and possession of marijuana with intent to distribute. Following a hearing, the trial court adjudicated him a third felony offender, vacated his original armed robbery sentence, and resentenced him to 150 years at hard labor without benefits for that offense. On appeal, this court vacated Hargrove's adjudication as a third felony offender and the resulting 150-year sentence; it remanded the case for resentencing of Hargrove as a second-felony offender. *State v. Hargrove*, 39,045 (La. App. 2 Cir. 10/27/04), 886 So. 2d 1192. On January 10, 2005, Hargrove was sentenced on remand as a second felony offender to 100 years at hard labor without benefits on the armed robbery conviction. On January 27, 2005, the defendant filed a pro se motion for reconsideration of the sentence and appointment of counsel in which he asserted that he was resentenced "without the aid of counsel or a hearing on the vacated sentence or adjudication."[3] On April 11, 2005, the trial court issued a written order in which it denied the motion for reconsideration "as not being supported by the record or the evidence." The motion for appointment of counsel was also denied. On appeal, Hargrove's sentence was affirmed on the basis that it was not excessive. *State v. Hargrove*, 40,427 (La. App. 2 Cir. 3/8/06), 924 So. 2d 477, *writ denied*, 06-1380 (La. 12/8/06), 943 So. 2d 1059.

---

[3] The minutes and the resentencing transcript state that Hargrove's counsel appeared in court with the defendant for the resentencing hearing on January 10, 2005.

Hargrove sought federal habeas corpus relief. In 2010, Hargrove's conspiracy conviction and his 25-year sentence for that conviction were vacated by a federal district court. *Hargrove v. Warden La. State Penitentiary*, No. 07-CV-1419, 2010 WL 2545197 (W.D. La. Apr. 9, 2010), *report and recommendation adopted*, No. CIV.A., 2010 WL 2545481 (W.D. La. June 18, 2010).[4]

Thereafter, Hargrove unsuccessfully challenged his habitual offender sentence as illegal for various reasons in several pro se motions. Three resulting writ applications were denied by this court. *State ex rel. Hargrove v. State*, 46,642 (La. App. 2 Cir. 5/19/11), *writ denied*, 11-1385 (La. 3/23/12), 84 So. 3d 571; *State ex rel. Hargrove v. State*, 48,794 (La. App. 2 Cir. 9/12/13); and *State ex rel. Hargrove v. State*, 52,702 (La. App. 2 Cir. 2/7/19).

In January 2021, Hargrove filed a motion to amend or modify sentence in which he claimed that La. C. Cr. P. art. 822(A) gave the trial court the option of resentencing him at any time. In support of his argument, he cited *State v. Dorthey*, 623 So. 2d 1276 (La. 1993), and *State v. Krogh*, 630 So. 2d 284 (La. App. 4 Cir. 1993), for the proposition that higher courts deem that a judge has the authorization to review a sentence and resentence a defendant outside of the sentencing guidelines if the circumstances warrant. However, he also included a quote from *State v. Gedric*, 99-1213 (La. App. 1 Cir. 6/3/99), 741 So. 2d 849, *writ denied*, 99-1830 (La. 11/5/99), 751 So. 2d 239, which included the following: "By its clear language,

---

[4] Hargrove apparently raised similar issues in a state post-conviction relief ("PCR") application. His writ application to this court pertaining to that PCR application was denied. *State v. Hargrove*, 41,675 (La. App. 2 Cir. 8/3/06), *writ denied*, 06-2250 (La. 5/18/07), 957 So. 2d 146.

article 822 does not provide authority for a court to amend or modify a sentence."

On April 5, 2021, the trial court issued a written ruling in which it denied Hargrove's motion to amend or modify sentence. The court ruled as follows:

> For felony cases in which a defendant has been sentenced to imprisonment at hard labor, there is no authorization for the court to amend the sentence after execution of the sentence has begun (La. C. Cr. P. Art. 881) unless the court grants a timely filed motion to reconsider sentence. A motion to reconsider sentence in felony cases must be filed within thirty days after imposition of sentence unless the court at sentencing sets a longer time. La. C. Cr. P. Art. 881.1(A). An "out-of-time" motion to reconsider sentence is not contemplated by the Code of Criminal Procedure nor allowed by the jurisprudence. *State of Louisiana v. Gedric*, 741 So. 2d 849, 852 (La. App. 1 Cir. 1999).
>
> As Petitioner's *pro se* Motion for Reconsideration of Sentence was filed outside of the thirty (30) day time period, Petitioner's motion is DENIED.

In July 2021, Hargrove filed a writ application with our court. Although the table of contents included an appendix listing the motion to amend or modify sentence and the trial court judgment, no such documents were included with the application. Consequently, the writ did not comply with U.R.C.A. 4-5. Nonetheless, two of the three writ panel members voted to grant the writ to docket. We now have before us the motion filed by Hargrove below and the trial court's ruling denying the motion. As explained below, under the current statutory scheme and jurisprudence, the trial court properly denied Hargrove's motion. This writ was improvidently granted.

4

In relevant part, La. C. Cr. P. art. 822 provides:

A. (1) Should the court on its own motion or on motion of the defendant consider setting aside a guilty verdict or a plea of guilty or, after the sentence is imposed, consider amending or modifying the sentence imposed, the district attorney shall be notified and the motion shall be tried contradictorily with the district attorney unless the district attorney waives such contradictory hearing.

(2) Such motions include but are not limited to motions for a new trial, motions in arrest of judgment, motions for amendment, modification, or reconsideration of sentence, and motions for modification of conditions of probation or termination of probation.
. . .

C. Each motion to set aside a guilty verdict or plea of guilty and each motion to amend or modify a sentence imposed shall be filed, considered, and decided in compliance with Code of Criminal Procedure Articles 881 and 881.1.[5]

La. C. Cr. P. art. 881 states, in pertinent part:

A. Although the sentence imposed is legal in every respect, the court may amend or change the sentence, within the legal limits of its discretion, prior to the beginning of execution of the sentence.

B. (1) After commencement of execution of sentence, in felony cases in which the defendant has been sentenced to imprisonment without hard labor and in misdemeanor cases, the sentencing judge may reduce the sentence or may amend the sentence to place the defendant on supervised probation. Should the court consider any motion amending or changing the sentence imposed, either prior to or after execution of the sentence, the district attorney shall be notified and, if such motion is filed by the defendant, it shall be tried contradictorily with the district attorney, unless the district attorney waives such contradictory hearing.

(2) Such motions include but are not limited to motions for a new trial, motions in arrest of judgment, motions for amendment, modification, or reconsideration of sentence, and

---

[5] Section (C) was added in 2001 "to provide that the amendment or modification of a criminal sentence shall be conducted pursuant to procedures contained in present law." See Acts 2001, No. 937.

5

motions for modification of conditions of probation or termination of probation.

In pertinent part, La. C. Cr. P. art. 881.1 provides:

A. (1) In felony cases, within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.

In *State v. Gedric*, *supra*, a trial court amended a legal felony sentence of imprisonment at hard labor after execution of the sentence had begun, contending that La. C. Cr. P. art. 822 gave it that authority. The appellate court reversed the trial court, finding that, "[b]y its clear language, article 822 does not provide authority for a court to amend or modify a sentence." The appellate court conducted a detailed review of the statutory scheme. It noted that, while a trial court may correct an illegal sentence at any time pursuant to La. C. Cr. P. art. 882(A) and La. C. Cr. P. art. 881.5, if a sentence is legal, La. C. Cr. P. art. 881(A) provides that the court "may amend or change the sentence, within the legal limits of its discretion, prior to the beginning of execution of the sentence." Under La. C. Cr. P. art. 881(B), after commencement of execution of sentence, in felony cases in which the defendant has been sentenced to imprisonment without hard labor, the sentencing judge may reduce the sentence or may amend the sentence to place the defendant on supervised probation. However, for felony cases in which the defendant has been sentenced to imprisonment at hard labor, there is no authorization for the court to amend the sentence after execution of the sentence has begun unless the court grants a timely filed motion to reconsider sentence. A motion to reconsider sentence must be filed within 30 days after imposition of sentence (unless the court at sentencing set a longer time). La. C. Cr. P. art. 881.1(A)(1). The appellate court observed

6

that an "out-of-time" motion to reconsider sentence is not contemplated by the Code of Criminal Procedure or allowed by the jurisprudence. Furthermore, La. C. Cr. P. art. 822 does not purport to modify jurisprudential or statutory authority for consideration of a motion to reconsider sentence. The appellate court concluded that the statutory framework prevents a judge from becoming a "one man pardon board." See La. C. Cr. P. art. 881, comment (a).

We find that *Gedric* is directly on point for the matter before us and correctly interprets the current statutory framework. Hargrove was resentenced to a legal hard labor sentence, which he began serving many years ago. The record reveals that, after the defendant was resentenced, he filed a timely motion to reconsider which was denied. Consequently, under the present statutory scheme, Hargrove is not entitled to the relief he seeks in this application.[6] We are thus obligated to recall the writ as improvidently granted and deny his writ application. To do otherwise amounts to legislating from the bench, which is not the role of the courts.

## CONCLUSION

Based on the foregoing, the writ is recalled as improvidently granted, and the writ application is denied.

**WRIT RECALLED; WRIT APPLICATION DENIED.**

---

[6] Hargrove's motion documented that, during his lengthy incarceration, he has taken advantage of the resources available to him in prison and completed numerous self-improvement and educational courses and programs. The lack of a current statutory mechanism granted to the judicial branch of government to facilitate early release for such an inmate is a matter that addresses itself to the legislature. Such matters currently lie within the pardon and commutation powers of the executive branch of our government.

7

**HUNTER, J., dissenting.**

The jurisprudence provides the trial court has no authority to amend a hard labor sentence after the defendant has begun serving it. *State v. Wimberly*, 32,984 (La. App. 2 Cir. 7/29/99), 760 So. 2d 355, citing *State v. Neville*, 95-0547 (La. App. 4 Cir. 5/16/95), 655 So.2d 785, *writ denied*, 95-1521 (La. 9/29/95), 660 So. 2d 851; *State v. McMillon*, 25,843 (La. App. 2 Cir. 3/30/94), 634 So. 2d 974.

Nevertheless, this is a *non-homicide* case, in which the defendant was sentenced to serve one hundred (100) years in prison, essentially a life sentence, whilst no meaningful opportunity for rehabilitation and reentry into society has been provided to this defendant. As such, taxpayers will be forced to house, feed, clothe, and provide medical care for him for the rest of his life.

The great state of Louisiana continues to have one of the highest incarceration rates in the world, and the cost of housing each prisoner currently exceeds $16,000 per prisoner, per year. Hypothetically speaking, and absent any financial deviations for inflation, if this defendant received this sentence at fifty (50) years of age, and managed to live until he was one hundred (100) years old, taxpayers would have footed a bill of eight hundred thousand dollars ($800,000) for this single person.

There is no dispute the purpose of prison is, at a minimum, two-fold: punitive and rehabilitative in nature. This effort is undertaken with the future hope of reintegration into society rather than cultivation of taxpayer funded "points of no return." While the defendant's sentence may have been "*legal*," *i.e.*, within the discretion of the trial court, it is shockingly disproportionate and fundamentally unfair. Furthermore, this defendant is

entitled to rehabilitation while incarcerated, presentation to the appropriate body for reconsideration, and eventual reintegration into society as the law intends. Consequently, I believe the writ application was appropriately granted, and I respectfully dissent.