# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA                                    NO. 2022 KW 0107

VERSUS

KIMBERLIN T. EDWARDS                                  **MAY 9, 2022**

---

In Re:    Kimberlin T. Edwards, applying for supervisory writs,
          22nd Judicial District Court, Parish of St. Tammany,
          No. 458,662.

---

**BEFORE:   GUIDRY, HOLDRIDGE, AND CHUTZ, JJ.**

  **WRIT DENIED.** The district court did not err in denying
relator's motion to correct an illegal sentence. Relator's
arguments in the motion to correct an illegal sentence do not
relate to the legality of the sentence under the applicable
statutes; and thus, the issues may not be raised in a motion to
correct an illegal sentence. See **State v. Parker**, 98-0256 (La.
5/8/98), 711 So.2d 694, 695 (*per curiam*); **State v. Gedric**, 99-
1213 (La. App. 1st Cir. 6/3/99), 741 So.2d 849, 851-52 (*per
curiam*), writ denied, 99-1830 (La. 11/5/99), 751 So.2d 239. If
relator is making a complaint with regard to the computation of
her sentence, La. R.S. 15:1171(B) grants authority to the
Department of Public Safety and Corrections to adopt
administrative remedy procedures to receive, hear, and dispose
of complaints of time computations of sentences. Any complaint
pertaining to the time computations, including alleged parole
eligibility and credit for time served issues, must be made
under the Corrections Administrative Remedy Procedure (CARP) as
provided in La. R.S. 15:1171-79 before seeking a remedy from the
district court. See **Briscoe v. Department of Public Safety and
Corrections**, 2017-0470 (La. App. 1st Cir. 7/24/17), 2017 WL
3124096.

JMG
GH
WRC

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
      FOR THE COURT