711 So.2d 694 (1998)
STATE of Louisiana
v.
Gerald PARKER.
No. 98-KP-0256.
Supreme Court of Louisiana.
May 8, 1998.
PER CURIAM:[*]
Writ granted: conviction for second degree murder and sentence of life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence for 40 *695 years reinstated. Because Parker's filing below did not point to a claimed illegal term in his sentence, he did not raise a claim cognizable in a motion to correct an illegal sentence. Instead, he raised a claim of trial error properly cognizable in an application for postconviction relief if at all. Accordingly, the "at any time" language of La.C.Cr.P. art. 882 does not apply to Parker's filing and the three-year prescriptive period of La.C.Cr.P. art. 930.8 applies instead. See State ex rel. Stepter v. Whitley, 93-2346 (La.10/13/95), 661 So.2d 480. Further, because Parker's late realization that an error may have occurred at trial does not qualify as the discovery of a new fact for purposes of the exception set out in La.C.Cr.P. art. 930.8(A), cf. R.S. 14:17; La.C.C. art. 5, Parker's application arrived before the district court untimely.
In any event, because evidence adduced at trial more than amply supported the verdict returned, Parker's claim fails on the merits. State v. Dauzat, 392 So.2d 393, 396 (La.1980). Finally, trial counsel failed to object to jury instructions, responsive verdict forms, or verdict, and so waived any claim. State ex rel. Elaire v. Blackburn, 424 So.2d 246, 251-52 (La.1982).
CALOGERO, C.J., and LEMMON and JOHNSON, JJ., would grant and docket.
NOTES
[*] Kimball, J., not on panel. See Rule IV, Part II, Sec. 3.