PER CURIAM.
| denied. Relator does not identify an illegal term in his 'sentence, and therefore, his filing is properly construed as an application for post-conviction relief. See State *778 v. Parker, 98-0256 (La.5/8/98), 711 So.2d 694. As such, it is subject to the time limitation set forth in La.C.Cr.P. art. 930.8. Relator’s application was not timely filed in the district court, and he fails to carry his burden to show that an exception applies. La.C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189. In addition, even absent the time-bar, relator’s sentencing claims are not cognizable on collateral review. La. C.Cr.P. art. 930.3; State ex rel. Melinie v. State, 93-1380 (La.1/12/96), 665 So.2d 1172. We attach hereto and make a part hereof the District Court’s written reasons denying relator’s application.
Relator has now fully litigated several applications for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the ^Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.
APPENDIX
STATE OF LOUISIANA CRIMINAL DISTRICT COURT
VERSUS PARISH OF ORLEANS
ROBERT ODOM NO. 318-260 SECTION “I”

JUDGMENT

This matter comes before the Court on a Motion to Reconsider Sentence and to Correct Illegal Sentence. The defendant was convicted of attempted armed robbery, adjudicated a second felony offender and sentenced to 99 years at hard labor pursuant to La. R.S. 15:529.1 on August 3, 1988. Article 881.1 requires that a motion to reconsider sentence be filed within 30 days of sentencing. This part of the motion is DENIED as untimely.
In the second part of his motion, Mr. Odom contends that the sentencing judge failed to comply with the “sentencing guidelines laid out by the Court of Appeals, Fourth Circuit” in its opinion of July 12,1988. This Court’s review of that opinion failed to yield such an admonition by the Court of Appeal; the Court merely amended the defendant’s conviction from armed robbery to attempted armed robbery and remanded for resentencing. Additionally, Mr. Odom complains that the sentencing court eschewed the Sentencing Guidelines in favor of article 894.1 of the Louisiana Code of Criminal Procedure. Whether this was the case is not clear from the record, but, if the sentencing judge did, that was his prerogative, as the guidelines were only advisory in nature. State v. Smith, 639 So.2d 237 (La.1994).
New Orleans, La., this 23rd day of January 2014.
/s/ [illegible signature] JUDGE