PER CURIAM.
| jDenied. Relator does not identify an illegal term in his sentence, and therefore, his filing is properly construed as an application for post-conviction relief See State v. Parker, 98-0256 (La.5/8/98), 711 So.2d 694. As such, it is subject to the time limitation set forth in La.C.Cr.P. art. 930.8. Relator’s application was not timely filed in the district court, and he fails to carry his burden to show that an exception applies. La.C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189. In addition, relator’s sentencing claim is not cognizable on collateral review. La.C.Cr.P. art. 930.3; State ex rel. Melinie v. State, 93-1380 (La.1/12/96), 665 So.2d 1172; see also State v. Cotton, 09-2397 (La.10/15/10), 45 So.3d 1030. Finally, the application is repetitive. La.C.Cr.P. art. 930.4. We attach hereto and make a part hereof the Fifth Circuit’s' written reasons for denying writs.
Relator has now fully litigated seven applications for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.41 Pand within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.
JLl
APPENDIX
STATE OF LOUISIANA VERSUS CLARENCE WILLIAMS
NO. 15-KH-185
FIFTH CIRCUIT
COURT OF APPEAL
STATE OF LOUISIANA

WRIT DENIED

In this pro se writ application, relator, Clarence Williams, seeks review of the trial court’s denial of his motion to correct an illegal sentence. As discussed below, we find relator’s application is proeedurally time-barred under La.C.Cr.P. art. 930.8 and, therefore, we deny the writ as untimely.
On March" 11, 1998, relator was convicted of possession with the intent to distribute cocaine in violation of La. R.S. 40:967; On May 5, 1998, the state filed a multiple offender bill of information, alleging relator to be a third felony offender. Relator stipulated to the multiple offender bill and the trial court sentenced relator as a third felony offender to sixty years imprisonment, with the first five years without the benefit of probation, parole, or suspension of sentence. On appeal, this Court affirmed relator’s" conviction and sentence but vacated, relator’s multiple offender adjudication and sentence because the. trial court committed reversible error in failing to advise relator of his right to remain silent and his right to a formal hearing. See State v. Williams, 98-901 (La.App. 5 Cir. 3/10/99), 737 So.2d 980 (unpublished opinion). Relator filed a writ to the Louisiana Supreme Court, which was denied on June 2, 2000. See State ex rel. Williams v. State, 99-3499 (La.6/2/00), 763 So.2d 591.
*734 On August 12, 1999, relator was again adjudicated a third felony offender and sentenced to twenty-four years imprisonment under La. R.S. 15:529.1. The. official record in this case reflects that relator filed two previous motions in the trial court and writ applications with.this Court challenging his multiple offender adjudication and sentence. This Court previously found that relator’s claims challenging his habitual offender adjudication and sentence were repetitive, untimely, and not cognizable on collateral review. See State v. Williams, 04-KH-1102 (La.App. 5 Cir. 9/24/04) (unpublished writ disposition); La.C.Cr.P. art. 930.4(D), La.C.Cr.P. art. 930.8; State v. Parker, 98-0256 (La.5/8/98), 711 So.2d 694; La.C.Cr.P. art. 930.3; State ex rel. Melinie v. State, 93-1380 (La.1/12/96), 665 So.2d 1172.
On February 25, 2015, relator filed á “Motion to Correct Illegal Sentence” in the trial court, challenging his habitual offender .■ adjudication and sentence, which was denied. In this writ application, relator seeks review of the trial court’s judgment denying his motion to correct an illegal sentence. Upon review of relator’s application, we find the claims asserted are procedurally time-barred under La.C.Cr.P. art. 930.8.
La.C.Cr.P. art, 882(A) states, “[a]n illegal sentence may be corrected at anytime by the court that imposed the sentence or by an appellate court on review.” In his application to this Court, however, , relator fails to point to an illegal term in- his sentence. State v. Parker, 98-256 (La.5/8/98), 711 So.2d 694, 695. Rather, relator Lagain challenges his habitual offender adjudication and sentence under La. R.S. 15:529,1 and therefore raises a claim of trial error properly cognizable in an application for post-conviction relief. Accordingly, the “at any time” language of La.C.Cr.P. art. 882 does not apply and the prescriptive period of La.C.Cr.P. art. 930.8 applies instead.
At the time relator filed his' February 25, 2015 motion to correct an illegal sentence in, .the trial court, the two-year time limitation within which to file an application for post-conviction relief had passed; in his application to this Court, relator has not raised any of the enumerated exceptions provided in La.C.Cr.P. art. 930.8. Although the trial court failed to notice the untimeliness of relator’s motion, an appellate court can nQtice the untimeliness of an application for post-conviction relief on its own motion. The Louisiana Supreme Court has stated that, “in cases in which the trial court addresses an otherwise jlme-barred application on the merits, an appellate court may assert the time limits imposed by art. 93‘0,8(Aj as a basis for denying relief in accord' with clearly expressed legislative intent'to limit collateral attacks on final'” convictions.” State v. Brumfield, 09-1084 (La.9/2/09), 16 So.3d 1161, 1162.
Accordingly, this application is denied.
Gretna, Louisiana, this 7th day of May, 201.5.
/s/ Frederick Homberg Wicker
JUDGE FREDERICKA HOMBERG WICKER
/s/ Susan M, Chehardy
CHIEF JUDGE SUSAN M. CHEHAR-DY
/s/ Marc E. Johnson
JUDGE MARC E. JOHNSON