PER CURIAM.
11 Denied. Relator does not identify an illegal term in his sentence, and therefore, his filing is properly, construed as an application for post-conviction relief. See State v. Parker, 98-0256 (La.5/8/98), 711 So.2d 694. As such, it is subject to the time limitation set forth in La.C.Cr.P. art. 930.8. Relator’s application was not timely filed in the district court, and he fails to carry his burden to show that an exception applies. La.C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189. In addition, relator’s sentencing claim is not cognizable on collateral review. La.C.Cr.P. art. 930.3; State ex rel. Melinie v. State, 93-1380 (La.1/12/96), 665 So.2d 1172; see also State v. Thomas, 08-2912 (La.10/16/09), 19 So.3d 466. We attach hereto and make part hereof the District Court’s written reasons denying relator’s application.
Relator has now fully litigated at least four applications for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La. C.Cr.P. art. 930.8. Notably, the ^Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.
_L
APPENDIX
FORTIETH JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST
STATE OF LOUISIANA NO. 1999-CR-191 DIVISION “B”
STATE OF LOUISIANA VERSUS
MARCEL DUGAR
FILED:_ DEPUTY
CLERK:__
ORDER
Considering Defendant’s Motion to Correct an Illegal Sentence filed with this court on May 18, 2015:
On December 16, 1999, Marcel Dugar was found guilty of armed robbery of Sylvia Sanders and first degree robbery of Joshua Sanders. On May 3, 2000, Defendant was sentenced to twenty five years *1173 for the armed robbery conviction and fifteen years for the first degree robbery conviction, and these sentences were to run concurrently. Defendant asserts his sentence violates his rights under the Eighth Amendment because it is disproportionate to the crimes for which he was convicted.
The defendant was convicted of a violation of La. R.S. 14:64, which provides for a sentence of imprisonment at hard for not less than ten years and not more than ninety-nine years, without benefit of probation, parole or suspension of sentence, and convicted of a violation of La. R.S. 14:64.1 which provides for a sentence of imprisonment at hard labor for not less than three years and for not more than forty years, without benefit of parolé, probation or suspension of imposition or execution of sentence. Defendant’s sentences were within the sentencing range for the offenses convicted. Further, Defendant does not state sufficient grounds to prove that his sentence is illegal.
IT IS HEREBY ORDERED ADJUDGED AND DECREED that the Defendant’s Motion to Correct an Illegal Sentence is DENIED.
READ, RENDERED AND SIGNED ON THIS 20 day of May, 2015, in Ed-gard, Louisiana.
/s/ Hotard Becnel MARY HOTARD BECNEL, JUDGE 40TH JUDICIAL DISTRICT COURT