PER CURIAM:
| ¶ Denied. Relator does not identify an illegal term in his sentence, and therefore, his filing is properly construed as an application for post-conviction relief. See State v. Parker, 98-0256 (La. 5/8/98), 711 So.2d 694. As such, it is subject to the time limitation set forth in La.C.Cr.P. art. 930.8. Relator’s application was not timely filed in the district court, and he fails to carry his burden to show that an exception applies. La.C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La. 9/5/95), 660 So.2d 1189. Additionally, relator’s sentenc *230 ing claim is not cognizable on collateral review. La.C.Cr.P. art. 930.3; State ex rel. Melinie v. State, 93-1380 (La. 1/12/96), 665 So.2d 1172. We attach hereto and make a part hereof the Court of Appeal’s written reasons denying the writ.
Relator has now fully litigated nine applications for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 261 amended that article to make the procedural bars against 12successive filings mandatory. Relator’s claims have now been fully litigated in accord with La.C.Cr.P, art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.
Attachment
[[Image here]]
*231 STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT
NO: KH15-00374
Judgment rendered and mailed to all parties or counsel of record on July 21, 20Í5,
STATE OF LOUISIANA VERSUS DARROL BRUCE BROWN
FILED: 04/22/15
On application of Darrol Bruce Brown for Writ of Review in No. 261,509 on the docket of the Ninth Judicial District Court, Parish of Rapides, {Ion. Mary Lative Doggett.
' Counsel for: Pro se ParrolBruce Brown -
Counsel for: Hon.. Phillip Terrell, Jr. State of Louisiana
Lake Charles, Louisiana, on July 21,2015.
WRIT DKNTBP: Relator filed a writ application with this court seeking supervisory review of the trial court’s March 26,2015, denied of Relator’s motion to Correct illegal sentence. It is the content of the pleading, rather than its caption, that determines its nature. State ex rel Daley v. State, 97-2612 (La. 11/7/97), 703 So.2d 32. As such, Relators motion to correct illegal sentence was untimely filed. See La.Code Crim.P. arts. 881-882, 914, 922, 930.8; see also, State v. Branch, 96-1626 (LaApp. 3 Cir. 5/21/97), 696 So.2d 81; and see, State ex rel Melinie v. State, 93-1380 (La. 1/12/96), 665 So.2d 1172; and seet State v. Parker, 98-256 (La. 5/8/98), 711 So.2d 694. Moreover, because Relator received abargafced-for sentence read ⅛⅛ thereoord at the time of the plea, Relator is barred from seeking review of his sentence. La,Code Critn.P. art. 881.2(A)(2), Accordingly, Relator’s writ application is denied.
[[Image here]]
[[Image here]]
Cooks, J. concurs and would deny on the showing made.