PER CURIAM:
h Denied. Relator does not identify an illegal term in his sentence, and therefore, his filings are properly construed as applications for post-conviction relief. See State v. Parker, 98-0256 (La. 5/8/98), 711 So.2d 694. As such, they are subject to the time limitation set forth in La.C.Cr.P. art. 930.8. Relator’s applications were not timely filed in the District Court, and he fails to carry his burden to show that an exception applies. La.C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La. 9/5/95), 660 So.2d 1189. We attach hereto and make a part hereof the District Court’s written reasons denying relator’s applications.
Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C,Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La. *868 C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can |2show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.
| ,^ Attachment
*869 STATE Olí LOUISIANA CRIMINAL DISTRICT COURT
VERSUS PARISH OR ORLEANS
LLOYD ANCAR CASE NO.: 305-602 «P"
JUDGMENT
The defendant Lloyd Anear, hereinafter referred to as Petitioner, has filed an Application for Post-Conviction Relief and a Motion to Correct an Illegal Sentence which was received by this Court on or about May 29,2015, It is the ruling of this Court that Petitioner's motions pro hereby denied.
In 1984, Petitioner was indicted for one count of Second Degree Murder m violation of La. Rev. Stet, Ann. art. §14:30,1. Aft® a trial by jury, Petitioner was found guilty as charged and was sentenced to life imprisonment in the Department of Corrections without the benefit of probation, parole or suspension of sentence. The Louisiana Court of Appeal, Fourth. Circuit affirmed Petitioner's conviction and sentence. See State v. Ancar, 508 So.2d 943 (La. App. 4 Cir. 6/3/1987).
In Petitioner’s application for post-conviction relief, he asserts ineffective assistance oficial counsel for failure to file a pre-trial motion to quash. He also asserts ineffective assistance of appellate counsel for failing to raise an ineffective assistance of counsel claim on appeal. Louisiana Code of Criminal Procedure article 930.8 provides that “no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922”. Moreover, Petitioner has nertrasserted a claim that would exempt him from the two-year procedural time limitation. Since Petitioner’s sentence and conviction became final in 1987; he is outside of the procedural time limitation to seek post-conviction relief.
Additionally, Petitioner states that his sentence is illegal because the indictment does not reflect the Second Degree-Murder statute and therefore does not contain the essential element of the crime for which he was convicted. However, this exact issue was addressed in Petitioner’s previous Motion to Correct an Illegal Sentence, which was *870 denied by this Court in its October 16,2014 Judgment As a result, this Court will not consider this motion as it is repetitive,
THEREFORE, IT IS THE JUDGMENT OF THIS COURT that Petitioner’s Application for Post-Conviction Relief is untimely, without merit and is hereby denied,
FURTHERMORE, IT IS THE JUDGMENT OF THIS COURT that Petitioner's Motion to Correct an Mega} Sentence is without merit and is hereby denied.
New Orleans, Louisiana, this the 22nd day of June 2015.
[[Image here]]