PER CURIAM:
11Denied. Relator does not identify an illegal term in his sentence, and therefore, his filing is properly construed as an application for post-conviction relief. See State v. Parker, 98-0256 (La. 5/8/98), 711 So.2d 694. As such, it is subject to the time limitation set forth in La.C.Cr.P. art. 930.8. Relator’s application was not timely filed in the district court, and he fails to carry his burden to show that an exception applies. La.C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La. 9/5/95), 660 So.2d 1189.
Relator has now fully litigated three applications for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only un *698 der the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended La.C.Cr.P. art. 930.4 to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in state collateral proceedings in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions ^authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.