PER CURIAM:
| denied. Relator does not identify an illegal term in his sentence, and therefore, his filing is properly construed as an application for post-conviction relief. See State v. Parker, 98-0256 (La. 5/8/98), 711 So.2d 694. Moreover, that relator alternatively names his filing an application for a writ of habeas corpus does not save him from the procedural requirements for applications for post-conviction relief. See State ex rel. Glover v. State, 93-2330, pp. 9-11 (La. 9/5/95), 660 So.2d 1189, 1195-96 (distinguishing habeas corpus post-conviction relief and endorsing La.C.Cr.P. art. 351 and its cmt. (c), which state that “[hjabeas corpus is not the proper procedural device for petitioners who may file applications for post conviction relief;” rather, it “deals with pre-conviction complaints concerning custody”). Relator does not demonstrate that he preserved any non-jurisdictional *1158 issues for review when he entered his unconditional guilty pleas. See State v. Crosby, 338 So.2d 584 (La. 1976).
Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application | aonly under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended La.C.Cr.P. art. 930.4 to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in state collateral proceedings in accord with La. C.CrJP. art. 930.6, and this denial is final. Hereafter, unless relator can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.