STATE OF LOUISIANA       *       NO. 2023-K-0762

VERSUS       *

      **COURT OF APPEAL**

KEVIN WILSON       *

      **FOURTH CIRCUIT**

      *

      **STATE OF LOUISIANA**

* * * * * * *

ON SUPERVISORY WRIT FROM THE
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 543-646, SECTION "F"
Honorable Robin D. Pittman, Judge
* * * * * *
**Judge Paula A. Brown**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Paula A. Brown, Judge Dale N. Atkins)

Kevin Wilson, #335423
Raymond Laborde Correctional Center
1630 Prison Road
Cottonport, LA 71327

      PRO SE DEFENDANT/ RELATOR

**WRIT GRANTED; RELIEF DENIED**
**DECEMBER 14, 2023**

*PAB*
*DLD*
*DNA*

Relator, Kevin Wilson, seeks review of the district court's October 31, 2023 judgment, which denied his *Uniform Motion to Correct an Illegal Sentence* (the "motion")[1]. Relator pled guilty to one count of simple burglary, a violation of La. R.S. 14:62,[2] on November 5, 2019. That same day he was sentenced, as a second time offender pursuant to La. R.S. 15:529.1,[3] to twelve years at hard labor without the benefit of probation or suspension of sentence.

---

[1] "An illegal sentence 'is primarily restricted to those instances in which the term of the prisoner's sentence is not authorized by the statute or statutes which govern the penalty' for the crime of conviction." *Montgomery v. Louisiana*, 577 U.S. 190, 196, 136 S. Ct. 718, 726, 193 L. Ed. 2d 599 (2016) (quoting *State v. Mead*, 14-1051, p. 3 (La. App. 4 Cir. 4/22/15), 165 So.3d 1044, 1047).

[2] Louisiana Revised Statutes 14:62(A) defines simple burglary as "the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, or any cemetery, with the intent to commit a felony or any theft therein."

[3] Louisiana Revised Statutes 15:529.1, in pertinent part, provides:

> A. Any person who, after having been convicted within this state of a felony, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
>
> (1) If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-third the longest term and not more than twice the longest term prescribed for a first conviction.

On July 22, 2020, Relator filed his first application for post-conviction relief, asserting an ineffective counsel claim. The district court found that Relator failed to meet his burden of proof and denied his application. Relator sought supervisory review by this Court on September 24, 2020, which was denied. Relator then sought further review by the Louisiana Supreme Court. On March 16, 2021, the Supreme Court denied Relator's writ application and issued a *per curiam*, which stated that: (1) Relator had fully litigated his application for post-conviction relief, and the denial of his writ application was final; and (2) Relator could only file a successive application under one of the exceptions provided in La. C.Cr.P. art. 930.4,[4] subject to the time delays provided in La. C.Cr.P. art. 930.8[5]. *See State v. Wilson*, 21-00131 (La. 3/16/21), 312 So.3d 1088 (*per curiam*).

Following the denial of his writ application, Relator filed, in the district court, the motion alleging that his sentence was illegal because the bill of

---

[4] Louisiana Code of Criminal Procedure article 930.4 in pertinent part, provides:

> A. Unless required in the interest of justice, any claim for relief which was fully litigated in an appeal from the proceedings leading to the judgment of conviction and sentence shall not be considered.
>
> B. If the application alleges a claim of which the petitioner had knowledge and inexcusably failed to raise in the proceedings leading to conviction, the court shall deny relief.
>
> C. If the application alleges a claim which the petitioner raised in the trial court and inexcusably failed to pursue on appeal, the court shall deny relief.
>
> D. A successive application shall be dismissed if it fails to raise a new or different claim.
>
> E. A successive application shall be dismissed if it raises a new or different claim that was inexcusably omitted from a prior application.

[5] Louisiana Code of Criminal Procedure article 930.8 provides, in pertinent part, "[n]o application for post conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final."

information and police report did not specify the name of the victim or particular structure entered. The district court denied Relator's motion and referenced the Supreme Court's March 2021 *per curiam*.

In this writ application, Relator's argument remains the same as it was in the district court—that the indictment was defective and his sentence was illegal. Louisiana Code of Criminal Procedure article 882(A) provides that "[a]n illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review." Despite its title, Relator's motion failed to raise a claim cognizable in a motion to correct an illegal sentence; instead, his motion raised a claim of trial error, which is cognizable in an application for post-conviction relief. *See State v. Parker*, 98-0256 (La. 5/8/98), 711 So.2d 694.

Because Relator did not raise any claims relating to the legality of his sentence under the applicable sentencing statutes, his motion is essentially a second application for post-conviction relief. Even if the motion is reviewed as a successive application for post-conviction relief, the claim of trial error raised does not fall into any of the exceptions provided for in La. C.Cr.P. art. 930.4. Furthermore, Relator's motion was filed more than two years after his conviction and sentence had become final. As such, Relator's motion is untimely pursuant to La. C.Cr.P. art. 930.8.

Accordingly, for the foregoing reasons, we grant Relator's writ application, but deny the relief requested. *See State ex rel. Glover v. State*, 93-2330 (La. 9/5/95), 660 So.2d 1189.

**WRIT GRANTED; RELIEF DENIED**