STATE OF LOUISIANA

VERSUS

GARY L. WORKMAN

NO. 24-KH-405

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

September 23, 2024

Linda Wiseman
First Deputy Clerk

IN RE GARY L. WORKMAN

APPLYING FOR  SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE JOHN E. LEBLANC, DIVISION "D", NUMBER 12-2204

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Timothy S. Marcel

**WRIT DENIED**

Relator, Gary L. Workman, seeks this Court's supervisory review of the trial court's July 31, 2024 ruling which denied his application for post-conviction relief ("APCR"). For the following reasons, we find no error in the trial court's ruling, and thus the relief requested in the instant writ application is denied.

## FACTS AND PROCEDURAL BACKGROUND

On February 27, 2014, a jury found relator guilty of attempted aggravated rape upon a twelve-year-old child (count one), distribution of pornography of a juvenile under the age of thirteen (counts two, three, and four), and possession of pornography involving juveniles under the age of thirteen (count five). On March 10, 2014, the trial court sentenced relator to fifteen years imprisonment at hard labor as to count one; ten years imprisonment at hard labor each as to counts two, three, and four; and five years imprisonment at hard labor as to count five. The trial court also ordered the sentences on counts one, two, three, and four to run consecutively to each other and concurrently with the sentence imposed on count five. The trial court further ordered the sentences on all counts to be served without the benefit of probation, parole, or suspension of sentence.

On April 15, 2015, this Court affirmed relator's convictions and sentences. *State v. Workman*, 14-559 (La. App. 5 Cir. 4/15/15), 170 So.3d 279. On March 24, 2016, the Louisiana Supreme Court denied relator's writ application. *State v. Workman*, 15-909 (La. 3/24/16), 190 So.3d 1189.

On July 24, 2024, relator filed this APCR with the district court. In it, relator made a claim of newly discovered, material evidence that the State allegedly withheld in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Specifically, at trial, relator testified that he received unsolicited photos of children from an individual using the code name "Koala." According to relator, he recently discovered that the FBI was involved in "Operation Koala," an "international sting operation" targeting a child pornography network several years before the instant offenses occurred, but the FBI agent involved in relator's case, Jamie Hall, and the State, failed to reveal the alleged FBI and Koala "connection" to his own case. In relator's view, such a connection would have bolstered his entrapment defense. Relator also argued that a report from a computer forensics expert showed that Agent Hall made material and intentional misrepresentations to obtain a federal search warrant of relator's home. On July 31, 2024, the trial court denied relief, stating:

> The court has reviewed the pleadings and exhibits, as well as the record. Upon review, the court finds that the defendant fails to establish that he is entitled to bring a third application. He fails to indicate any newly discovered evidence or to suggest that he is entitled to escape the mandatory time bar of La. C.Cr.P. art. 930.8. He also fails to assert, much less prove, a basis for escaping the mandatory bars against repetitive and successive applications contained in La. C.Cr.P. art. 930.4. Furthermore, under La. C.Cr.P. art. 930.2, the petitioner in an application for post-conviction relief shall have the burden of proving that relief should be granted. The defendant fails to meet this burden.

On August 28, 2024, relator's timely writ application requesting review was filed with this Court. In it, relator re-urges his claims of a newly discovered *Brady* violation and an invalid search warrant. Relator also complains that the trial court did not order the State to file a response to his APCR.

## ANALYSIS

La. C.Cr.P. art. 930.8(A)(1) allows a defendant to file an APCR more than two years after his conviction and sentence become final where "[t]he application alleges, and the petitioner proves or the state admits, that the facts upon which the claim is predicated were not known to the petitioner or his prior attorneys."

In support of relator's claim of newly discovered evidence of a *Brady* violation, relator submitted copies of two news articles, both dated November 5, 2007, describing Operation Koala, an investigation of a global child pornography network conducted by Europol, a European police agency. Relator also includes the first two pages from *United States v. Campbell*, 738 F.Supp.2d 960 (D. Neb. 2010), a 2010 federal decision involving a defendant who purchased child pornography videos from a website under investigation by Europol in 2005 and 2006 as part of Operation Koala.

At trial, relator testified that in 2012, he was conducting research on human behavior when he responded to a "chat" from someone using the moniker "Koala 211" or "215" from New Zealand. Koala sent him images containing child pornography, which he claimed he tried to delete. However, the images did not delete from his computer, and were sent from his computer to a person named "Savage," who had responded to relator's advertisement on Craigslist seeking to meet "someone's daughter." Relator denied knowing how these images ended up being sent from his computer to "Savage," who was actually a police investigator.

Relator now claims that his newly discovered evidence of what appears to be the FBI's involvement in Operation Koala would have bolstered his entrapment defense by showing that the photographs sent to him by Koala were supplied by "the government, or a government informant."[1]

---

[1] On appeal, this Court rejected relator's contention of entrapment, *Workman*, 14-559, 170 So.3d at 291, finding:

> Considering the evidence presented at trial, specifically the officers' testimony, and the defendant-led conversations during which he alone requested a meeting with a twelve-year-old girl to have sex with, it would not have been unreasonable for the jury to conclude that defendant was not entrapped, thus, eliminating the need to consider the second prong of the entrapment defense-predisposition.

> Moreover, in returning the guilty verdict, the jury obviously rejected the entrapment defense. The question of whether a government agent induced an innocent person into committing a crime is a jury question. *State v. Hardy*, 98-25, p. 9 (La. App. 5 Cir. 5/13/98), 715 So.2d 466, 471. Furthermore, the trier of fact determines the credibility of witnesses, and within the bounds of rationality, may accept or reject the testimony. *State v. Deruise*, 98-0541, p. 26 (La. 4/3/01), 802 So.2d 1224, 1243, *cert. denied*, 534 U.S. 926, 122 S.Ct. 283, 151 L.Ed.2d 208 (2001). It is not the function of the appellate court to assess credibility or reweigh the evidence. *Bates*, 03-352 at 7, 853 So.2d at 75.

> Agent Hall merely provided an opportunity in this case for defendant to commit a crime that he was obviously predisposed to commit. Thus, we determine that a rational trier of fact could have found defendant failed to establish by a preponderance of the evidence that he was induced by a government agent to commit the crimes for which he was convicted.

As an initial matter, relator provides no explanation for how the 2007 news articles and 2010 *Campbell* opinion qualify as newly discovered evidence given that he was convicted in 2014, nor does relator explain why he only obtained these materials eight years after his convictions and sentences became final.[2]  At any rate, relator's supporting documentation falls short of his post-conviction burden of proof in showing that Koala was actually an FBI operative involved in Operation Koala,[3] an investigation that ended in 2007, approximately five years before Koala sent him the photos in the instant case.  *See* La. C.Cr.P. art. 930.2.[4]  First, there is no mention of FBI involvement in either article.  According to the *Campbell* opinion, the FBI's involvement in that case only began after the agency received a report from Europol.  Furthermore, with regard to the Europol investigation, Koala referred to the name of the operation, not a code name used by investigators. Additionally, it appears Operation Koala focused on the distribution of "tailor-made" videos of child pornography ordered from a website, whereas in the instant case, relator claimed Koala sent the unsolicited photographs to him following their conversation in a chat room.  As such, at most, the purported Koala connections appear to be a coincidence rather than newly discovered evidence of a *Brady* violation.  Consequently, relator's claim, lacking support as a claim of newly discovered evidence, is untimely.  *See* La. C.Cr.P. art. 930.8(A), which provides in pertinent part: "No application for post-conviction relief including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final."

Next, relator maintains that Agent Hall misrepresented the facts in his affidavit for a federal search warrant when he stated that relator sent three photographs on April 5, 2012.  According to relator, the photographs were actually e-mailed on April 7, 2012.

However, in this claim, relator does not appear to rely on newly discovered evidence, but rather a copy of a report dated November 7, 2013 from a computer forensics expert retained by defense counsel, but who did not testify at trial.  In fact, relator has submitted this same report in two prior APCRs in support of his

---

[2] *See State v. Workman*, 15-909 (La. 3/24/16), 190 So.3d 1189.

[3] According to the news articles provided, the Europol investigation was named Operation Koala based on an arrest made by Australian police of an Italian man selling videos of child pornography from a website.

[4] La. C.Cr.P. art. 930.2 provides: "The petitioner in an application for post-conviction relief shall have the burden of proving that relief should be granted."

claim of ineffective assistance of counsel, which, in both instances, this Court found lacked merit. *See State v. Workman*, 22-KH-9 (La. App. 5 Cir. 3/3/22) (unpublished writ disposition), *writ denied*, 22-546 (La. 9/20/22), 346 So.3d 289; *State v. Workman*, 17-KH-134 (La. App. 5 Cir. 4/4/17) (unpublished writ disposition), *writ not considered*, *State ex rel. Workman v. State*, 17-985 (La. 10/29/18), 254 So.3d 697. Furthermore, a defendant's late realization that an error may have occurred at trial does not qualify as discovery of a new fact for purposes of La. C.Cr.P. art. 930.8(A)'s exception. *State v. Parker*, 98-256 (La. 5/8/98), 711 So.2d 694, 695 (*per curiam*). Accordingly, relator's claim challenging the search warrant is also barred as untimely under La. C.Cr.P. art. 930.8.

Finally, relator appears to argue that the trial court erred in ruling on his APCR without ordering the State to respond. Under La. C.Cr.P. art. 927, the trial judge is not required to order the district attorney to file an answer before summarily disposing of a claim, if it lacks merit on its face. *See* La. C.Cr.P. art. 928; *State v. Readoux*, 614 So.2d 175, 179 (La. App. 3 Cir. 1993). The trial court found on the face of the application that the claims were without merit, a ruling with which we have found no error, as explained above. Consequently, the trial court did not err in summarily disposing of the claims in the APCR.

## CONCLUSION

For the foregoing reasons, we find no error in the ruling of the trial court. Accordingly, the relief requested in the instant writ application is denied.

Gretna, Louisiana, this 23rd day of September, 2024.

**JGG**
**FHW**
**TSM**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **09/23/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**24-KH-405**

**CURTIS B. PURSELL**
CLERK OF COURT

### E-NOTIFIED
24th Judicial District Court (Clerk)
Honorable John E. LeBlanc (DISTRICT JUDGE)
Thomas J. Butler (Respondent)

### MAILED
Gary L. Workman #622062 (Relator)
Dixon Correctional Institute
Post Office Box 788
Jackson, LA 70748