BERNIS BROWN

VERSUS

TIM HOOPER, WARDEN LSP

NO. 24-KH-494

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Susan S. Buchholz
Chief Deputy, Clerk of Court

—————— October 25, 2024 ——————

Susan Buchholz
Chief Deputy Clerk

IN RE BERNIS BROWN

APPLYING FOR SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE FRANK A. BRINDISI, DIVISION "E", NUMBER 90-3893

Panel composed of Judges Jude G. Gravois,
Scott U. Schlegel, and Timothy S. Marcel

**WRIT DENIED**

Relator, Burnis Brown, seeks this Court's supervisory review of the trial court's August 2, 2024 ruling which denied his application for post-conviction relief ("APCR"). For the following reasons, we find no error in the court's ruling and thus deny the writ application.

**FACTS AND PROCEDURAL BACKGROUND**

On February 8, 1991, relator pled guilty to two counts of first degree murder. Pursuant to a plea agreement, the trial court sentenced relator to life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence on each count. The court also ordered the sentences to run concurrently with each other. Relator did not file a motion for an appeal.

On July 26, 2024, relator filed an APCR with the trial court based on his claim of newly discovered evidence pursuant to La. C.Cr.P. art. 930.8(A)(1), which allows a defendant to file an APCR more than two years after his conviction

and sentence become final where "[t]he application alleges, and the petitioner proves or the state admits, that the facts upon which the claim is predicated were not known to the petitioner or his prior attorneys." Specifically, relator claimed that he recently learned that the record in his case does not contain documentation of the number of grand jury members who voted to indict him for first degree murder, in violation of his right to due process and equal protection under La. C.Cr.P. arts. 383, 435, and 444.[1] On August 2, 2024, the court denied relief, first finding that relator "fail[ed] to meet any exceptions to timeliness" pursuant to La. C.Cr.P. art. 930.8.[2] The court also found that relator's claim was procedurally barred as successive, citing La. C.Cr.P. art. 930.4, because relator's claim was "known or should have been known to him, yet w[as] not included in any of his previously filed APCRs."[3] The court also found that relator was not entitled to relief because he failed to meet his burden of proof pursuant to La. C.Cr.P. art. 930.2.[4]

In his writ application, relator complains that the court erred by denying his claim based on newly discovered facts showing that the number of grand jury members who voted to indict him for first degree murder was unrecorded by the Clerk of Court.

---

[1] Pursuant to La. C.Cr.P. art. 383, in pertinent part, "[a]n indictment is a written accusation of crime made by a grand jury. It must be concurred in by not less than nine of the grand jurors, indorsed 'a true bill,' and the indorsement must be signed by the foreman." La. C.Cr.P. art. 435 provides, in pertinent part: "Nine grand jurors shall constitute a quorum, and nine grand jurors must concur to find an indictment." La. C.Cr.P. art. 444 provides, in pertinent part: "At least nine members of the grand jury must concur in returning 'a true bill' or 'not a true bill.'"

[2] Relator's writ application does not include a copy of the trial court's August 2, 2024 ruling in compliance with Uniform Rules–Courts of Appeal, Rule 4-5(C)(6), which requires a "copy of the judgment, order, or ruling complained of (if by written judgment, order, or ruling)." However, a copy of the ruling is available in relator's official record.

[3] La. C.Cr.P. art. 930.4(B) provides: "If the application alleges a claim of which the petitioner had knowledge and inexcusably failed to raise in the proceedings leading to conviction, the court may deny relief."

[4] La. C.Cr.P. art. 930.2 provides "The petitioner in an application for post-conviction relief shall have the burden of proving that relief should be granted."

## ANALYSIS

La. C.Cr.P. art. 930.8(A) provides, in pertinent part: "No application for post-conviction relief including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final." In the instant case, relator's convictions and sentences became final in 1991. Thus, as the court found, relator's APCR filed in 2024 is untimely.

Relator however contends that his claim concerning the grand jury indictment falls under the "facts not known" exception of La. C.Cr.P. art. 930.8(A)(1). In support of his claim, relator relies on a letter from the 24th Judicial District Court Clerk of Court, dated October 19, 2023, which states:

> In regards to your request for a copy of minutes or documents reflecting a True Bill of Indictment was found by no less than nine members of the Grand Jury, the Clerk's Office is only in possession of the Grand Jury return minute entry reflecting the name and number of Grand Jurors that were present for the return and the signature of the Grand Jury Foreperson on the Bill of Indictment.

> The record of this case does not contain any documents which reflect the number of Grand Jury members who voted for the Indictment.

In the instant writ application, relator gives no explanation as to why he did not request documentation of the number of grand jury members who voted for the indictment until 2023—more than thirty years after his 1991 guilty pleas and sentencing. Furthermore, from relator's official record, it appears that he requested and received copies of the grand jury indictment and related minute entries in 2012 and 2017. As such, relator does not meet the diligence requirement of La. C.Cr.P. art. 930.8(A)(1), which provides, in pertinent part:

> [T]he petitioner shall prove that he exercised diligence in attempting to discover any post conviction claims that may exist. "Diligence" for the purposes of this Article is a subjective inquiry that shall take into account the circumstances of the petitioner. Those circumstances shall include but are not limited to the educational background of the petitioner, the petitioner's access to formally trained inmate counsel, the financial resources of the petitioner, the age of the petitioner, the mental abilities of the petitioner, or whether the interests of justice

will be served by the consideration of new evidence. New facts discovered pursuant to this exception shall be submitted to the court within two years of discovery.

Additionally, a defendant's late realization that an error may have occurred at trial does not qualify as discovery of a new fact for purposes of Article 930.8(A)'s exception. *State v. Parker*, 98-256 (La. 5/8/98), 711 So.2d 694, 695 (*per curiam*). Thus, relator fails to show that the Clerk of Court's recent confirmation that the number of votes was not recorded with respect to his grand jury indictment now exempts him from the post-conviction two-year limit.

## CONCLUSION

Upon review, on the showing made, we conclude that there was no error in the ruling of the trial court. Accordingly, this writ application is denied.

Gretna, Louisiana, this 25th day of October, 2024.

**JGG**
**SUS**
**TSM**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **10/25/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-KH-494**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Frank A. Brindisi (DISTRICT JUDGE)
Thomas J. Butler (Respondent)

### MAILED

Bernis Brown #292270 (Relator)
Louisiana State Penitentiary
Angola, LA 70712