STATE OF LOUISIANA

VERSUS

ANTONIO CUZA

NO. 24-KH-602

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

*Wiseman*

Linda Wiseman
First Deputy, Clerk of Court

January 31, 2025

Linda Wiseman
First Deputy Clerk

**IN RE** ANTONIO CUZA

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE MICHAEL P. MENTZ, DIVISION "F", NUMBER 15-3977

Panel composed of Judges Marc E. Johnson,
Scott U. Schlegel, and Timothy S. Marcel

**WRIT DENIED**

Relator, Antonio Cuza, seeks review of the trial court's October 8, 2024 denial of his motion to correct an illegal sentence based on lack of subject matter jurisdiction of an illegal habitual offender. In his motion, Relator challenged his habitual offender adjudication, arguing that La. R.S. 15:529.1 is unconstitutional because the statute only enhances the punishment of a crime, instead of charging a defendant with a crime. In its denial, the trial court found Relator's argument to be repetitive and unwarranted.

La. C.Cr.P. art. 882(A) states, "An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review." Although La. C.Cr.P. art. 882(A) states that an illegal sentence may be corrected at any time, a defendant must point to an illegal term in his sentence to raise a claim cognizable in a motion to correct an illegal sentence. *State v. Parker*, 98-256 (La. 5/8/98), 711 So.2d 694, 695.

After review, we find that Relator's motion to correct an illegal sentence was properly denied. Relator's motion did not point to a claimed illegal term in his sentence, but rather he challenged the manner in which the State instituted the habitual offender proceeding. Therefore, we find that Relator failed to raise a claim cognizable in a motion to correct an illegal sentence. Consequently, the "at any time" language of La. C.Cr.P. art. 882 does not apply to his filing, and the prescriptive period of La. C.Cr.P. art. 930.8 is applicable, resulting in an untimely application for post-conviction relief.

Accordingly, the writ application is denied.

Gretna, Louisiana, this 31st day of January, 2025.

**MEJ**
**SUS**
**TSM**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **01/31/2025** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**24-KH-602**

CURTIS B. PURSELL
CLERK OF COURT

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Michael P. Mentz (DISTRICT JUDGE)
Thomas J. Butler (Respondent)

### MAILED

Antonio Cuza #573882 (Relator)
Rayburn Correctional Center
27268 Highway 21
Angie, LA 70426