STATE OF LOUISIANA

VERSUS

KEITH JOHNSON

NO. 25-KH-317

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Tran
First Deputy, Clerk of Court

August 08, 2025

Linda Tran
First Deputy Clerk

IN RE KEITH JOHNSON

APPLYING FOR SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE SHAYNA BEEVERS MORVANT, DIVISION "M", NUMBER 20-794

Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and Scott U. Schlegel

**WRIT DENIED**

Relator, Keith Johnson, seeks review of the trial court's June 9, 2025 Order, which denied his "Motion to Correct an Illegal Sentence Pursuant to Basis for Valid Sentence." Relator contends that his sentence entered pursuant to a guilty plea on October 20, 2022 is illegal because he was not apprised of the minimum sentence applicable to the charged offenses prior to pleading guilty. As such, he argues his guilty plea was not knowing and intelligently entered and is constitutionally invalid pursuant to La. C.Cr.P. art. 882 and 872.

A review of the district court record shows that on August 27, 2020, relator was charged in a bill of indictment with second degree murder in violation of La. R.S. 14:30.1 (count one); obstruction of justice in violation of La. R.S. 14:130.1 (count two); and convicted felon in possession of a firearm in violation of La. R.S. 14:95.1 (count three).

Defendant pled guilty on October 20, 2022 to the amended charge of manslaughter in a violation of La. R.S. 14:31 (count one); obstruction of justice in violation of La. R.S. 14:130.1 (count two); and convicted felon in possession of a firearm in violation of La. R.S. 14:95.1 (count three). According to the commitment order, the trial court sentenced relator to forty years imprisonment at hard labor on count one, ten years imprisonment at hard labor on count two, and twenty years imprisonment at hard labor on count three. The trial court ordered the sentences on counts one and three to run concurrently with each other, but the sentence on count two was ordered to run consecutively to the sentences on counts one and three.

Although La. C.Cr.P. art. 882(A) provides that an illegal sentence may be corrected at any time, a defendant must point to an illegal term in his sentence to raise a claim cognizable in a motion to correct an illegal sentence. *State v. Parker*, 98-256 (La. 5/8/98), 711 So.2d 694, 695. A defendant may only raise claims relating to the legality of the sentence itself under the applicable sentencing statutes in a motion to correct an illegal sentence. *State v. Gedric*, 99-1213 (La. App. 1 Cir. 6/3/99), 741 So.2d 849, 851-52, *writ denied*, 99-1830 (La. 11/5/99), 751 So.2d 239. When a defendant fails to point to a claimed illegal term in his sentence, he does not raise a claim cognizable in a motion to correct an illegal sentence. *Parker*, *supra.*

Here, defendant does not point to an illegal term in his sentence. Instead, he asserts that he was not apprised of the minimum sentences applicable to the charged offenses before pleading guilty. As such, because defendant's filing below did not point to a claimed illegal term in his sentence, he did not raise a claim cognizable in a motion to correct an illegal sentence. Accordingly, the "at any time" language of La. C.Cr.P. art. 882 does not apply to defendant's filing and the prescriptive period of La. C.Cr.P. art. 930.8 applies instead.

If this court were to consider defendant's motion as an application for post-conviction relief,[1] it appears untimely pursuant to La. C.Cr.P. art. 930.8(A), which provides in pertinent part: "No application for post conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final."[2] *See Carlin v. Cain,* 97-2390 (La. 3/13/98), 706 So.2d 968 (appellate courts may raise the time bar of La. C.Cr.P. art. 930.8 *sua sponte*).

Further, even if we were to consider defendant's application as a timely-filed request for supervisory review of an application for post-conviction relief, defendant has not attached any evidence for this court to consider his claim that he was not apprised of the minimum sentences before pleading guilty, including the plea form and transcript of the *Boykin* colloquy with the trial court.

Accordingly, this writ application is denied.

Gretna, Louisiana, this 8th day of August, 2025.

**SUS**
**JGG**
**MEJ**

---

[1] The Louisiana Supreme Court has recognized that courts should "look through the caption of the pleadings in order to ascertain their substance and to do substantial justice." *See State v. Moses*, 05-787 (La. App. 5 Cir. 5/9/06), 932 So.2d 701, 706 n.3, *writ denied*, 06-2171 (La. 4/5/07), 954 So.2d 140.

[2] Defendant's conviction and sentence became final in 2022.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. TRAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **08/08/2025** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**25-KH-317**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Shayna Beevers Morvant (DISTRICT JUDGE)
Thomas J. Butler (Respondent)

### MAILED

Keith Johnson #743199 (Relator)
Rayburn Correctional Center
27268 Highway 21
Angie, LA 70426